MATTER OF DAVIS

In DEPORTATION Proceedings

A-13486274

*Decided by Board January 30, 1964*

An alien who entered the United States as a nonimmigrant transit without a visa (TRWOV) is ineligible for adjustment of status under section 245, Immigration and Nationality Act, as amended, in view of the provisions of 8 CFR 214.2(c)(1).

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable— No immigrant visa. (Withdrawn)

Lodged: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—Remained longer.

The case comes forward on appeal from the order of the special inquiry officer dated October 17, 1963, denying the respondent's application for adjustment of status under section 245 of the Immigration and Nationality Act; granting her the privilege of voluntary departure in lieu of deportation with the automatic order that if the respondent failed to depart as required she should be deported from the United States to the Philippines on the lodged charge only.

The record relates to a native and citizen of the Philippines, female, married, who last entered the United States at Honolulu, Hawaii, on August 3, 1963. She was in possession of Philippine Passport No. 27615 which did not contain a nonimmigrant or an immigrant visa for admission to the United States and the respondent testified that she never did obtain a nonimmigrant or an immigrant visa for entry into the United States. She stated that she did obtain a visa for admission to Mexico and the passport contains such a visa. The respondent identified Exhibit 3 as relating to her. Exhibit 3 is a copy of the Form I-94 issued to her which shows that she was admitted at Honolulu, Hawaii, on August 3, 1963, as TRWOV (transit without visa) for immediate and continuous transit to Mexico by August 4, 1963.

The respondent testified that she entered the United States as a tourist with the intention of proceeding to Mexico to get her visa and then returning to the United States; that she was supposed to change planes in San Francisco and go to Mexico the next day. However, when she arrived at San Francisco her fiance informed her that he did not have enough furlough time from the Marines to go to Mexico with her and that they then decided to get married in the United States and try to straighten out her status in this country. She was married on August 10, 1963, at Waukegan, Illinois, to a native-born United States citizen who is now serving in the United States Marine Corps and is stationed in North Carolina. The application for adjustment of status indicates that her husband has filed a visa petition in her behalf which is pending.

At the hearing the trial attorney withdrew the charge contained in the order to show cause and lodged a "remained longer" charge under section 241(a)(2) of the Immigration and Nationality Act together with two additional allegations of fact. The respondent conceded the additional allegations that she was admitted to the United States as a nonimmigrant transit without a visa for immediate and continuous transit to Mexico and was authorized to remain in the United States until August 4, 1963, and that she has remained beyond that date. The record establishes that the respondent is subject to deportation solely on the lodged charge.

The respondent has applied for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act. She is married to a United States citizen who has filed a visa petition for nonquota status on her behalf which is now pending. However, under the provisions of 8 CFR 214.2(c)(1) as amended (28 F.R. 3078 (March 29, 1963)) it is specifically stated that the privilege of transit without a visa may be authorized only under the conditions that the alien will depart voluntarily from the United States and that he will not apply for adjustment of status under section 245 of the Act. Inasmuch as the record establishes that the respondent was admitted to the United States as a transit without a visa on August 3, 1963 (Ex. 3) and inasmuch as the provisions of the regulation referred to above were then in effect, she is not eligible for adjustment of status under the provisions of section 245 of the Immigration and Nationality Act and her application for adjustment of status was therefore properly denied. The brief of counsel which cites the case of *Brownell* v. *Carija*, 245 F.2d 78 (D.C. Cir., 1957) has no application because the amended regulation referred to was not then in effect.

The respondent has also applied in the alternative for the privilege of voluntary departure. She is residing with her mother-in-law in

Milwaukee, Wisconsin. She stated that she does not have funds to depart from the United States but that she can obtain funds from her husband or from her mother-in-law. She has never been arrested and never been a member of the Communist Party. The grant of voluntary departure appears appropriate. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.